```
                  United States District Court
                    District of Massachusetts
_____
                               )
TRAVELER'S CASUALTY AND SURETY )
COMPANY OF AMERICA,            )
                               )
        Plaintiff,             )    Civil Action No.
                               )    10-10662-NMG
        v.                     )
                               )
CRESTA CONSTRUCTION INC., JOHN )
P. CRESTA AND DONNA M. CRESTA, )
                               )
        Defendants,            )
and                            )
                               )
THE TOWN OF HARVARD,           )
                               )
        Reach and Apply        )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of an indemnity dispute between Travelers Casualty and Surety Company of America ("Travelers"), a Connecticut corporation, and Cresta Construction, Inc. ("Cresta"), a commercial construction contractor incorporated in Massachusetts. Before the Court is plaintiff's motion for a Preliminary Injunction.

Pursuant to an Indemnity Agreement between the parties, Cresta agreed to "exonerate, indemnify and save [Travelers] harmless from and against Loss." Travelers alleges that, in

-1-

reliance on the Indemnity Agreement, it issued surety bonds on behalf of Cresta, as principal. Travelers subsequently received claims on those bonds and, in good faith, investigated and defended the claims. It ultimately incurred damages in the form of loss payments to various claimants. Travelers contends that, as a direct and proximate result of its issuance of bonds on behalf of Cresta, it has sustained losses in excess of $297,457, plus legal fees and other costs incurred in the prosecution of this action.[1]

Apparently, Cresta is owed money by the reach and apply defendant, the Town of Harvard, for work performed on a construction project. Travelers seeks to reach and apply those funds in payment of Cresta's debt to Travelers.

The Court heard argument on plaintiff's motion for a preliminary injunction on June 4, 2010. Present at that hearing were counsel for the plaintiff and the reach and apply defendant. The Court indicated that it would enter an injunction in the plaintiff's favor and the reach and apply defendant did not object. The Court directed plaintiff's counsel to draft and submit a proposed order on or before June 9, 2010, and to indicate the reach and apply defendant's position in that regard. The Court also noted that it would not require the plaintiff to

---

[1] Plaintiff's alleged damages have increased to $330,181 since the filing of its motion for injunctive relief.

post a bond until it heard from the Cresta defendants (which had not been served with process but had definitely been notified about the pending motion for injunctive relief and the hearing on that motion).[2]

On June 8, 2010, the plaintiff submitted its proposed order but did not indicate whether the reach and apply defendant consents to it.  That deficiency may simply be an oversight, however, because the reach and apply defendant has not subsequently filed any objection or submitted a counter-proposal.

Because the plaintiff has demonstrated that 1) it is likely to succeed on the merits of its claim, 2) it will suffer irreparable harm in the absence of injunctive relief and 3) the balance of hardships is in its favor, its motion for injunctive relief will be allowed.  See Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).

### ORDER AND PRELIMINARY INJUNCTION

In accordance with the foregoing, plaintiff's motion for preliminary injunction (Docket No. 3) is **ALLOWED** and it is hereby **ORDERED, ADJUDGED AND DECREED** that, from the date of this order until further notice of the Court:

1) Defendants Cresta Construction, Inc., John P. Cresta and Donna M. Cresta (collectively, "the Cresta Defendants"), and their officers, servants, employees,

---

[2] The Cresta defendants were duly served on June 10, 2010.

        attorneys, agents and those persons or entities in active participation or concert with them, are restrained and enjoined from receiving any sums payable to them by the Town of Harvard, up to the amount of $330,181, or from encumbering, lending or otherwise transferring their interest in said sums;

2) the designated reach and apply defendant, the Town of Harvard, and its agents, servants, employees, attorneys and those persons in active participation or concert with it, are restrained and enjoined from paying, conveying or otherwise transferring any monies to the Cresta Defendants or to their officers, servants, employees, attorneys, agents or any persons or entities acting on their behalves, up to the amount of $330,181, on account of sums that are due or will hereafter become due to the Cresta Defendants from the reach and apply defendant; and

3) because the Court has determined that, at this stage of the proceedings, there is no need for Plaintiff to post a security bond pursuant to Fed. R. Civ. P. 65(c), Plaintiff is excused, until further notice, from posting such a bond.

**So ordered.**

                                                /s/ Nathaniel M. Gorton  
                                            Nathaniel M. Gorton  
                                            United States District Judge

Dated June 16, 2010